United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GABRIEL JAMES DeLEON and SHAWNA L. DeLEON,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank Southwest, N.A. (formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB); NDEX WEST, L.L.C.; and DOES 1-50, inclusive,

Defendants.

Case No.: 10-CV-01390-LHK

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

Counsel for Plaintiffs have filed a motion to withdraw as attorneys of record in this case, to which Plaintiffs have consented. Moving counsel requested a waiver of oral argument on this motion, and the Court agrees that the motion is appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the submissions and relevant legal authority, the Court grants the motion to withdraw, subject to the condition that counsel promptly file with the Court an address at which Plaintiffs can be served.

**I. Background**

On February 10, 2010, Plaintiffs filed a Complaint in the San Benito County Superior Court. Counsel from Paxton ♦ O'Brien Law Group LLP represented Plaintiffs in the state court

United States District Court
For the Northern District of California

action. On April 1, 2010, Defendant Wells Fargo removed the case to federal court. According to counsel's declaration, at the time of removal counsel informed Plaintiffs that they lacked sufficient federal court experience to continue representation and that Plaintiffs would need to obtain more experienced counsel. Due to the urgency of the circumstances, however, counsel continued to represent Plaintiffs immediately following removal, filing a motion to remand and opposing Defendant's motion to dismiss. On June 29, 2010, after Judge Jeremy Fogel denied the motion to remand and granted Defendant's motion to dismiss, counsel filed an amended complaint. Defendants have moved to dismiss the amended complaint, and that motion is currently set for hearing on October 21, 2010. Plaintiffs' opposition to that motion is due September 30, 2010.

Counsel states that Plaintiffs are now behind in payment of legal fees and costs, and that there is currently a window of time in which the firm can withdraw without prejudice to Plaintiffs. Counsel have provided written notice to Plaintiffs of their intent to withdraw, and Plaintiffs have consented to withdrawal and agreed to appear in this matter on their own behalf. Defendant Wells Fargo, the only Defendant served in this action, does not oppose this motion.

## II. Analysis

Pursuant to Civil Local Rule 11-5(b), Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Civil Local Rule 11-5(b). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, No. CV 02-1538, 2010 WL 3259384, at *2 (N.D.Cal. 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Additionally, Civil Local Rule 11-4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California. Civil Local Rule 11-4(a)(1). The California Rules of Professional Conduct permit counsel to withdraw in cases where

the client "breaches an agreement or obligation to the member as to expenses or fees," or where the client "knowingly and freely assents" to withdrawal. Cal. Rules of Prof'l Conduct 3-700(C)(1)(f), (5). In all cases, however, counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) [which addresses the disposition of client papers and property], and complying with applicable laws and rules." *Id.* 3-700(A)(2).

In this case, Plaintiffs are behind in payment of fees and have assented to withdrawal. Thus, withdrawal is permitted under California Rules of Professional Conduct 3-700(C)(1)(f) and (C)(5), as long as counsel has taken reasonable efforts to avoid prejudice to Plaintiffs. Counsel alerted Plaintiffs in April 2010 that they should seek more experienced attorneys and provided written notice of their intent to request withdrawal on August 31, 2010, to which Plaintiffs consented. The Court is aware that Plaintiffs must file an opposition to Defendant's motion to dismiss by September 30, 2010. However, Defendant's motion was originally filed on July 15, 2010, giving Plaintiffs ample notice of Defendant's arguments, and Plaintiffs will have nearly three weeks from the date of withdrawal to finalize their opposition, more than the two weeks mandated under the Local Rules. The Court therefore concludes that counsel has taken reasonable efforts to avoid prejudice to Plaintiffs and the motion to withdraw should be granted.

Under Civil Local Rule 11-5(b), when withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the court may grant withdrawal subject to the condition that papers continue to be served on counsel for forwarding purposes. In this case, Plaintiffs have agreed to appear in this matter on their own behalf and acknowledge that papers will not be served on counsel for forwarding purposes. However, as the Court currently does not have an address or phone number for Plaintiffs, counsel's withdrawal is subject to the condition that counsel promptly provide an address at which Plaintiffs may be served.

United States District Court
For the Northern District of California

**III. Conclusion**

For the foregoing reasons, the Court GRANTS the motion to withdraw subject to the condition that counsel promptly provide an address at which Plaintiffs may be served. Counsel shall forward this order to Plaintiffs, and counsel shall file with the Court an address at which Plaintiffs can be served no later than September 17, 2010. The hearing on Defendant's motion to dismiss will be heard as scheduled on October 21, 2010.

**IT IS SO ORDERED.**

Dated: September 13, 2010

Lucy H. Koh
LUCY H. KOH
United States District Judge