UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIEL JAMES DeLEON and SHAWNA L. DeLEON,<br><br>          Plaintiffs,<br>     v.<br><br>WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank Southwest, N.A. (formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB); NDEX WEST, L.L.C.; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.: 10-CV-01390-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT |

Before the Court are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiffs' First Amended Complaint (FAC) and Motion to Strike portions of the FAC. Plaintiffs did not file an opposition brief, but Plaintiff Gabriel DeLeon appeared *pro se* at the hearing to oppose Defendant's motion and to request a continuance.[1]  Having considered the parties' submissions and arguments, the Court GRANTS Defendant's Motion to Dismiss with leave to amend in part and DENIES Defendant's Motion to Strike as moot.

---

[1] The Court denied Plaintiff's request for a continuance at the hearing.

1
Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

**I.  Background**

In June 2004, Plaintiffs Gabriel and Shawna DeLeon purchased a home in San Benito County for $804,000, and entered into a mortgage with World Savings Bank, FSB, in the amount of $562,800.[2]  FAC ¶ 7.  In 2007, World Savings Bank offered Plaintiffs the option of refinancing their loan because their home had appreciated in value.  FAC ¶ 8.  Plaintiffs chose to refinance the loan and entered into a 4-year adjustable rate mortgage.  *Id.*  Beginning in August 2008, Plaintiffs became unable to afford the payments on the refinanced loan.  FAC ¶ 9.  In 2009, a notice of default was recorded and sent to Plaintiffs.  FAC ¶ 10.  In response, Plaintiffs contacted Wachovia Mortgage, successor in interest to World Savings Bank, to inquire about a loan modification.  *Id.*  Thereafter and through December 2009, the parties engaged in discussions about a possible loan modification.  FAC ¶ 11.  Plaintiffs allege that Wells Fargo expressed confidence that a loan modification would be approved once all documents were received from the Plaintiffs and assured Plaintiffs that no foreclosure sale would occur while negotiations for the modification were pending.  *Id.*

Nonetheless, on January 16, 2010, a realtor informed Plaintiffs that their home had been sold and that their property was now owned by the bank.  FAC ¶ 12.  Shortly thereafter, Plaintiffs received a notice from Wells Fargo requiring them to vacate the property.  FAC ¶ 15.  Plaintiffs allege that they did not receive a mailed notice of trustee's sale and that no such notice was posted on Plaintiffs' property, FAC ¶ 12.  They allege further that they were never advised that they had a right to request a meeting and were never provided a toll free number to find a HUD-Certified Housing Counseling Agency.  FAC ¶ 16.

On February 10, 2010, Plaintiffs filed suit in San Benito Superior Court, asserting seven claims for relief.  Defendant removed the action to federal court and immediately filed a motion to dismiss Plaintiffs' Complaint.  In an order dated June 9, 2010, Judge Jeremy Fogel (who was then

---

[2] In 2007, World Savings Bank, a federal savings bank regulated by the Office of Thrift Supervision, was renamed Wachovia Mortgage, FSB, also a federal savings bank.  Def. Wells Fargo's Request for Judicial Notice in Supp. of Motions to Dismiss and Strike the FAC ("RJN"), Exs. A-B.  On November 1, 2009, Wachovia Mortgage was converted to a national bank and merged into Wells Fargo Bank, N.A.  RJN Ex. D.  Plaintiffs' Complaint refers throughout to conduct of "Wells Fargo" regardless of the date of the alleged conduct.

assigned to this case) granted Defendant's motion to dismiss on grounds that Plaintiffs' claims were preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq.  Order Denying Mot. to Remand and Granting Mot. to Dismiss with Leave to Amend in Part ("Order Granting Mot. to Dismiss"), ECF No. 18.  Judge Fogel granted leave to amend only as to Plaintiffs' claim under the California Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200, and Plaintiffs' request for a permanent injunction.  Order Granting Mot. to Dismiss 11, 13.  On June 29, 2010, Plaintiffs filed a First Amended Complaint ("FAC").  The FAC amends Plaintiffs' UCL claim and request for injunctive relief and also alleges four new claims for intentional misrepresentation, negligent misrepresentation, negligence, and breach of contract.  Defendants move to dismiss the entire FAC.

**II.  Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. Pro. 9(b).  To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the

3

charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The rule favoring liberality in granting leave to amend is particularly important for *pro se* litigants. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

### III. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of matters of public record outside the pleadings. *Id.* at 689. In this case, Defendant requests judicial notice of records of the Office of Thrift Supervision and the Comptroller of the Currency, including copies of 1) the certificate of corporate existence of World Savings Bank, FSB; 2) a letter from OTS reflecting the name change from World Savings Bank, FSB, to Wachovia Mortgage, FSB; 3) Wachovia Mortgage's charter; and 4) a letter from the Comptroller of the Currency reflecting Wachovia Mortgage's merger into Wells Fargo. Def. Wells Fargo's Req. for Judicial Notice in Supp. of Mots. to Dismiss and Strike the FAC ("RJN") 2, Ex. A-D. Defendant also requests judicial notice of four documents recorded with the San Benito County Recorder's Office in connection with Plaintiffs' mortgage. RNJ 2-3, Ex. E-H.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the government records and public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.*, No. C 10-01645, 2010 WL 2836823, at *2 (N.D.Cal. 2010) (taking

4

Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

judicial notice of nearly identical documents).  Accordingly, the Court GRANTS Defendants' request for judicial notice.

## IV. Discussion

### A. New Claims Alleged in Plaintiffs' Second through Fifth Causes of Action

In their second through fifth causes of action, Plaintiffs assert new claims brought before the Court for the first time in the FAC.  Defendants argue that these new claims should be dismissed or stricken because they exceed the scope of amendment permitted by Judge Fogel's June 9, 2010 order, and Plaintiffs did not otherwise seek leave of the Court to amend the pleadings to add new claims as required by Federal Rule of Civil Procedure 15(a).  The prior order in this case expressly denied leave to amend with respect to six of Plaintiffs' claims and granted to leave to amend only as to Plaintiffs' UCL claim and request for permanent injunctive relief.  Order Granting Mot. to Dismiss 11, 13.  With respect to Plaintiffs' request for injunctive relief, the order dismissed this claim "without prejudice pending amendment of the UCL claim." *Id.* at 13.

California district courts have occasionally considered new claims submitted in an amended complaint where the prior order of dismissal granted leave to amend without limitation.  *See Topadzhikyan v. Glendale Police Dept.*, No. CV 10-387, 2010 WL 2740163, at *3 n.1 (C.D. Cal. July 8, 2010) (declining to strike new claims where Court granted leave to amend without limitation); *Gilmore v. Union Pacific R. Co.*, No. 09-cv-02180, 2010 WL 2089346, at *4 (E.D. Cal. May 21, 2010) (finding that Plaintiff was not required to seek leave to add new claims where Court granted leave to amend without limitation and Defendants would not be prejudiced by addition of claims).  In cases like this one, however, where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.  *See, e.g.*, *Kennedy v. Full Tilt Poker*, No. CV 09-07964, 2010 WL 3984749, at *1 (C.D. Cal. 2010) (stating that court previously struck amended complaint because plaintiffs failed to seek leave to add new claims or defendants); *Andrew W. v. Menlo Park City School Dist.*, 2010 WL 3001216, at *2 (N.D. Cal. July 29, 2010) (agreeing that new claims should be stricken because prior order did not grant leave to add new claims, but construing plaintiff's opposition as belated motion for leave to amend).  In this case, the prior order

5

granting leave to amend was limited in scope, and Plaintiffs were therefore required to seek leave of the Court before adding new claims.

The Court notes, in addition, that the new claims must be dismissed in any case because they are insufficiently pled. Plaintiffs' second and third claims for intentional and negligent misrepresentation are subject to dismissal because they are claims for fraud that do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The FAC contains only general allegations that Wells Fargo represented to Plaintiffs that the loan modification would be approved and no foreclosure sale would take place prior to completion of the loan modification process. FAC ¶¶ 22, 28. Plaintiffs do not state when these statements were made (a critical fact if Defendant seeks to show that the modification process broke down before the foreclosure sale took place), nor do they identify, even by title or description, the person or persons who made the representations. Because these claims fail to allege "the who, what, when, where, and how of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation marks and citation omitted), they do not satisfy the heightened particularity requirement of Rule 9(b) and must be dismissed.

Plaintiffs' fourth claim for negligence fails because Plaintiffs' have failed to identify a duty of care that Defendant owed to Plaintiffs. To state a claim for negligence, plaintiff must plead that a) defendant had a legal duty to use due care; b) defendant breached that duty; and c) the breach was the proximate cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 911 P. 2d 496 (Cal. 1996). Whether a duty of care exists is primarily a question of law. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1095, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991). The FAC alleges that Wells Fargo owed a duty to Plaintiffs to complete the loan modification process, postpone the foreclosure sale pending completion of such process, and serve a proper notice of sale. FAC ¶ 32. Under California law, a financial institution owes no duty of care to a borrower unless it "actively participates in the financed enterprise beyond the domain of

6

Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

the usual money lender." *Nymark*, 231 Cal. App. 3d at 1096.  Plaintiffs have not alleged that Wells Fargo acted in any capacity beyond that of an ordinary lender.  Accordingly, Plaintiffs have failed to plead a duty of care on the part of Defendant and therefore failed to state a claim for negligence.  Moreover, because Plaintiffs' negligence claim would effectively impose requirements regarding "the circumstances under which a loan may be called due" and the servicing or participation in mortgages, the claim as currently pled is likely preempted by regulations under the Home Owners' Loan Act or the National Bank Act, which are discussed in more detail below.  *See* 12 C.F.R. §§ 560.2(b)(4), (10); 12 C.F.R. §§ 34.4(a)(4), (10).

Finally, Plaintiffs' fifth claim for breach of contract is subject to dismissal because Plaintiffs fail to plead sufficient facts to establish the existence of an oral agreement.  To state a claim for breach of contract under California law, Plaintiffs must plead facts establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008).  Judge Fogel previously dismissed Plaintiffs' UCL claim in part because the Complaint failed to allege facts sufficient to establish the existence of a contract.  Order Granting Mot. to Dismiss 11.  The complaint as amended does not allege additional facts that establish with the plausibility required that Plaintiffs entered into an oral agreement with Wells Fargo.  Rather, the FAC merely realleges facts relied on in the original Complaint: that Wells Fargo "expressed . . . confidence that the modification would be approved," FAC ¶ 11; Compl. ¶ 14, and that Plaintiffs' were assured that no foreclosure sale would take place while the loan modification process was still pending, FAC ¶ 11; Compl. ¶ 15.  The allegations that Wells Fargo expressed confidence and assurances to Plaintiffs are not sufficient to allow the Court to draw a reasonable inference that Wells Fargo made any definite promise, supported by consideration, that would establish a binding and enforceable contract.  *See, e.g.*, *Powell v. Residential Mortg. Capital*, No. C 09-04928, 2010 WL 2133011, at *7 (N.D. Cal. May 24, 2010) (allegations that defendant promised to provide an affordable loan and obtain certain interest rates is not sufficient to show the existence of a contract); *Hardy v. Indymac Federal Bank*, 263 F.R.D. 586, 592 (E.D. Cal. 2009) (same); *see also*

7

Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

*Beverage Distributors, Inc. v. Olympia Brewing Co.*, 440 F.2d 21, 29-30 (9th Cir. 1971) (explaining that "a hopeful encouragement" or "mere expression of intention or general willingness to do something on the happening of a particular event" does not constitute a contract).

For these reasons, the Court finds that Plaintiffs' new claims fail to state a claim under Rule 12(b)(6) and 9(b).  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' second through fifth causes of action.  Because Plaintiffs may be able to allege facts to cure the deficiencies in some or all of these claims, the Court grants leave to amend.

### B. UCL Claim (First Cause of Action)

In addition to the new claims asserted in their second through fifth causes of action, the FAC also amends Plaintiffs' claim under California's Unfair Competition Law, ("UCL"), Cal. Bus. & Profs. Code §§ 17200 et seq.  The prior order in this case granted Plaintiffs leave to amend this claim to allege additional facts establishing a duty or contract to complete the loan modification, and to allege facts that would save this claim from preemption.  Order Granting Mot. to Dismiss 11.  In the FAC, Plaintiffs assert three grounds for their UCL claim: (1) Wells Fargo's violation of the agreement to complete the loan modification process; (2) Wells Fargo's deception of Plaintiffs by selling their property while the loan modification process was still pending; and (3) Wells Fargo's failure to give appropriate notice of the trustee's sale.  FAC ¶ 18-19.

Plaintiffs' first and second grounds for the UCL claim are insufficient for the reasons discussed above.  As to the first ground, Plaintiffs have not alleged sufficient facts to plausibly show that Defendant entered into an oral agreement to complete the loan modification process or to refrain from selling Plaintiffs' home while negotiations were ongoing.  As to the second ground, Plaintiffs allege claims sounding in fraud that do not satisfy the heightened pleading requirements of Rule 9(b).  *See Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1004 (N.D. Cal. 2009) ("While fraud is not a necessary element of a successful UCL claim, when fraud is alleged, the heightened pleading standard of Rule 9(b) applies.") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

As to Plaintiffs' third ground, based on failure to provide notice of the trustee's sale, the Court agrees with Defendant that this claim is preempted by Office of Thrift Supervision (OTS)

8

Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

regulations promulgated under the Home Owners' Loan Act ("HOLA").[3] In the prior order in this case, Judge Fogel held that HOLA preempted Plaintiffs' claims that Defendant failed to provide notice of the trustee sale as required by California laws. Order Granting Mot. to Dismiss 10, 12. Although the amended complaint does not allege that Wells Fargo violated any specific statutory notice requirements, the preemption analysis here is the same.

OTS regulations state that "OTS hereby occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). The Ninth Circuit has held that the effect of this regulation is to leave virtually "no room for state regulatory control." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008) (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979), *aff'd*, 445 U.S. 921 (1980)). Section 560.2(b) of the OTS regulation provides a nonexclusive list of the types of state laws preempted by the regulation. This list includes state laws purporting to impose requirements regarding:

> (4) The terms of credit, including . . . the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
> ...
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
> ...
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages;

12 C.F.R. § 560.2(b). If an application of the state law at issue to the activities of the federal savings bank would "impose requirements" regarding the lending activities listed in paragraph (b),

---

[3] Federal savings associations, including federal savings banks, are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). 12 U.S.C. § 1464; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). National banks are subject to regulation by the Office of the Comptroller of the Currency ("OCC") under the National Banking Act ("NBA"). *See Bank of America v. City and County of San Francisco*, 309 F.3d 551, 561-62 (9th Cir. 2002). The OTS and the OCC have promulgated preemption provisions that are very similar in structure and substance. *Compare* 12 C.F.R. § 560.2, *with* 12 C.F.R. § 34.4. To the extent that the conduct alleged by Plaintiffs took place after Wachovia Mortgage, FSB, merged into Wells Fargo and became a national bank, preemption under the National Banking Act would apply in a similar manner to preemption under HOLA. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555-57 (9th Cir. 2010) (discussing preemption by OCC regulations of state laws related to real estate lending).

9

Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT

then the analysis ends there; the law is preempted. *Silvas*, 514 F.3d at 1005. In this case, Plaintiffs claim that Defendant violated the California UCL by failing to give appropriate notice of the trustee's sale. The application of the UCL to Defendant in this manner would have the effect of imposing disclosure and notice requirements affecting the processing, servicing, and participation in mortgages. Accordingly, like Plaintiffs' claims for violation of California's statutory notice requirements, Plaintiffs' claim that Defendant's failure to provide adequate notice violates the UCL is preempted by federal law. *See Silvas*, 514 F.3d at 1005 (concluding that HOLA preempts UCL claim based on misrepresentations in disclosures and advertising); *Odinma v. Aurora Loan Services*, No. C-09-4674, 2010 WL 1199886, at *8 (N.D. Cal. March 23, 2010) (holding that HOLA preempts California law requiring notice of default).

Because Plaintiffs' claims under the UCL are either insufficiently pled or preempted by HOLA, these claims must be dismissed. To the extent Plaintiffs' UCL claim is predicated on inadequate notice, the claim is preempted by federal law and no set of facts will overcome that preemption. Accordingly, Plaintiffs are directed not to renew this claim in an amended complaint. However, if Plaintiffs are able to allege facts sufficient to establish a UCL claim predicated on fraud or violation of a contractual agreement, those claims may not be subject to federal preemption. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555-57 (9th Cir. 2010) ("various district courts have held that the [National Bank] Act does not preempt a claim of express deception asserted under state law"); *Gibson v. World Savings & Loan Assn.*, 103 Cal. App. 4th 1291, 1303-04, 128 Cal. Rptr. 2d 19 (Cal. Ct. App. 2002) (concluding that HOLA does not preempt "duties to comply with contracts and the laws governing them and to refrain from misrepresentation"); *see also American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232 (1995) (holding that Airline Deregulation Act does not preempt "state-law-based court adjudication of routine breach-of-contract claims"). Thus, the Court GRANTS Defendant's motion to dismiss Plaintiffs' UCL claim with leave to amend to allege facts sufficient to state a claim predicated on fraud, deception, or violation of a contractual agreement.

### C. Preliminary and Permanent Injunction

In their sixth cause of action, Plaintiffs seek a preliminary and permanent injunction to prevent Wells Fargo from evicting Plaintiffs from their home. Compl. ¶¶ 40, 42. Plaintiff Gabriel DeLeon stated at the hearing that the state court eviction proceedings have been resolved, and Plaintiff and his family have already vacated the premises. Accordingly, Plaintiffs no longer face an immediate threat of eviction, and their request for preliminary and permanent injunctive relief is now moot. For this reason, the Court GRANTS Defendant's motion to dismiss Plaintiff's sixth claim for injunctive relief with prejudice.

### V. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the FAC with leave to amend in part. Because the Court has dismissed the entire FAC, the Court DENIES Defendant's motion to strike as moot. **Plaintiffs shall file a Second Amended Complaint, if any, within 30 days of this order.** The Second Amended Complaint may amend the first through fifth causes of action alleged in the FAC to cure the deficiencies identified herein. Plaintiffs may not add new claims or parties without seeking leave of the Court pursuant to Federal Rule of Civil Procedure 15.

Plaintiffs are encouraged to seek assistance from the Federal Legal Assistance Self-Help Center in amending their complaint.[4] **If Plaintiffs do not file an amended complaint within 30 days of this order, their claims will be dismissed with prejudice.** Requests for an extension of time will not be favored and must be made in conformance with Civil Local Rule 6-2 or 6-3.

**IT IS SO ORDERED.**

Dated: October 22, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[4] Help is provided by appointment only. To make an appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San Jose, Room 4093, or call (408) 297-1480. Plaintiffs may find other resources for self-represented parties at https://ecf.cand.uscourts.gov/cand/ProSe/home.htm.

11
Case No.: 10-CV-01390-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION TO STRIKE AS MOOT